# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DANIEL VUELUAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15 C 58 |
| ) | |
| CITY OF HARVEY, JULIO ) | |
| ESPARZA, RASHEED ASKEW, ) | |
| GREG THOMAS, and ) | |
| JEFFREY CROCKER, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Daniel Vueluas was arrested in front of his home in the City of Harvey on September 15, 2014. He says that Harvey police detective Julio Esparza pulled up in front of his house, got out of his police car, and forcibly took him into custody without a warrant or probable cause. He says that Esparza used excessive force that caused dislocation of his shoulder. At the police station, Vueluas says, he repeatedly requested medical attention from detectives Rasheed Askew, Greg Thomas, and Jeffrey Crocker, who questioned him over an extended period, but they ignored or refused his requests. Vueluas contends he was in extreme pain during this entire period. Vueluas was not taken before a judge until September 18, 2014. At that point he was booked into the Cook County Jail and thereafter received medical treatment.

Vueluas has sued the defendants under 42 U.S.C. § 1983 for false arrest, excessive force, and improperly extended detention without judicial review, and under state law for assault, battery, and intentional infliction of emotional distress. The Court thanks appointed counsel Thomas Geselbracht and Joseph Carey of DLA Piper for their

through and diligent service as counsel for Vueluas.

The defendants have moved for summary judgment. The Court orally denied the motion with respect to the federal excessive force and the state assault and battery claims, concluding there are genuine disputes of fact that a jury must decide. In this order, the Court considers defendants' motion with regard to the remaining claims.

Vueluas's federal and state false arrest claims depend on whether there was probable cause to arrest him, in other words whether "the facts and circumstances within [the officers'] knowledge and of which they [had] reasonably trustworthy information [were] sufficient to warrant a prudent person in believing that [Vueluas] had committed an offense." *Huff v. Reichert*, 744 F.3d 999, 1007 (7th Cir. 2014); *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474, 564 N.E.2d 1222, 1231 (1990). On the federal claim, defendants also assert the defense of qualified immunity.

Detective Askew was investigating a shooting that took place in Harvey on September 7, 2014. He was able to get video recordings taken from surveillance cameras at nearby businesses that showed events surrounding the shooting. Detectives Askew and Crocker showed a still photo taken from one of the videos to the owner of one of the businesses. She identified the person depicted as Vueluas. Detective Askew also asked detective Esparza to look at the surveillance footage, because he was familiar with the Hispanic community in Harvey and also worked on a police unit that dealt with the Latin Kings street gang in the area. Esparza, who had multiple prior interactions with Vueluas, identified Vueluas from the video. Based on these identifications from the video footage, the defendants arrested Vueluas.

Defendants have not provided any of the videos to the Court in connection with

their summary judgment motion. There is evidence that the videos (which are black-and-white) are grainy. Askew has testified that he could not make out any facial features from looking at the videos, and Esparza has testified that he could not make out the race of any of the persons depicted in them. Vueluas contends, and a reasonable jury could find, that Esparza had some degree of bias against Vueluas based on their prior interactions.

Though the question is close, the Court concludes that defendants are entitled to summary judgment on the federal and state false arrest claims. Probable cause can be based on a single uncoerced, unmanipulated identification by a credible eyewitness, at least if the witness has no apparent bias against the person identified. *See Hart v. Mannina*, 798 F.3d 578, 587-88 (7th Cir. 2015); *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012). Even if one discounts detective Esparza's identification on the basis that he had an arguable preexisting bias against Vueluas, the officers still had the identification that the business owner made from the video surveillance. To be sure, she was not an "eyewitness" as such, but that is an immaterial distinction. *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015) (finding probable cause based on identifications made from videos). She saw a photograph taken from a video recording that depicted the offenders, and she identified Vueluas. Vueluas has offered no evidence suggesting that her identification was coerced or manipulated in any way or that she had any sort of bias against him. The Court therefore grants summary judgment in favor of defendants on Vueluas's federal and state false arrest claims.

Vueluas also asserts a claim for unreasonable detention based on defendants' failure to take him before a judge within 48 hours of his arrest. Defendant was arrested

on Monday, September 15, 2014 about 4:00 p.m. He was not taken to court until September 18. Because he did not get a judicial probable cause determination within 48 hours of his arrest, his detention is presumed to be unreasonable. *See City of Riverside v. McLaughlin*, 500 U.S. 44, 57 (1991). Defendants say that this was not their fault and that it was up to Cook County to ensure that Vueluas was taken to court. But defendants evidently did not even have Vueluas fingerprinted or his background check conducted until after 2:00 p.m. on Wednesday, September 17, a little over 46 hours after the arrest, and there is evidence that this (as well as other factors within defendants' control) contributed to the delay in taking him to court. Defendants have not explained this delay in a way that would entitle them to summary judgment. In sum, a reasonable jury could find that defendants caused unreasonably excessive detention. They are not entitled to summary judgment on this claim.

Next is Vueluas's claim for denial of medical care for the injury he says he suffered due to the use of excessive force in arresting him. This claim requires Vueluas to prove that he suffered from an objectively serious medical condition that required treatment and that the defendants were deliberately indifferent to this. *See, e.g., Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). Vueluas says that his shoulder was dislocated, causing great pain—and indeed, once he was booked into the Cook County Jail, a physician diagnosed him as having a dislocated shoulder. This caused Vueluas problems for a period of months, and he eventually had to have surgery, which took place during his custody at the Jail. Defendants' argument for summary judgment appears to be that they had no reason to believe Vueluas was in pain. But he has testified that he repeatedly told the defendants about the pain in his shoulder and asked

for treatment, and detectives Askew and Thomas both confirmed that he complained of pain and requested medication. A reasonable jury could find that defendants were aware of a serious medical condition requiring treatment but deliberately failed to do make sure he got treatment. Defendants are not entitled to summary judgment on this claim.

The same is true with regard to Vueluas's state-law claim for intentional infliction of emotional distress. A reasonable jury could find in his favor on this claim based on evidence permitting a finding that Esparza deliberately or at least knowingly caused Vueluas physical harm and that he and the other defendants then deliberately or at least knowingly refused to provide him with treatment.

**Conclusion**

For the reasons stated above, the Court grants summary judgment in favor of defendants on plaintiff's federal and state claims for false arrest but otherwise denies defendants' motion for summary judgment [dkt. no. 77]. The case is set for a status hearing on February 5, 2018 at 9:00 a.m. to set a schedule for further proceedings.

Date: January 28, 2018

_____
MATTHEW F. KENNELLY
United States District Judge